## Berg v. State.

### Opinion delivered June 14, 1926.

FORGERY—INSUFFICIENCY OF EVIDENCE.—Proof merely that defendant filed with the recorder a deed to himself in which a consideration of $100 is recited, whereas the same deed, reciting a consideration of $1,000, was filed for record a year previously, was insufficient to show a forgery of the deed, since the alteration might have been made by the grantor or by some authorized person.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; reversed.

*E. D. Chastain* and *Cravens & Cravens*, for appellant.

*H. W. Applegate*, Attorney General, and *Darden Moose*, Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted in the circuit court of Crawford County for the crime of forging a deed and uttering the forged instrument. The first count in the indictment charged the forgery and the second uttering the deed.

On a trial of the cause, appellant was acquitted of the forgery but convicted of uttering the instrument,

and adjudged to serve a term of two years in the State Penitentiary therefor, from which is this appeal.

A number of alleged errors are assigned for the reversal of the judgment, but the first being all-sufficient to support a reversal of the judgment, we need not advert to the others. The first is the alleged insufficiency of the evidence to support the verdict and judgment. The theory of the State was that appellant forged a warranty deed from Joseph Powell to himself to certain real estate in said county belonging to W. A. Smith, H. G. Seiger and J. W. Smith, for record in the circuit clerk's office, with intent to cheat, defraud, and obtain possession of their said property. The circumstances upon which the State relied for a conviction were that, on July 9, 1925, appellant filed a deed with W. A. Bushmiaer, clerk of the circuit court of Crawford County and ex-officio recorder in and for said county, to said real estate from Joseph Powell to appellant, in which a consideration of $100 was recited; whereas the same deed was presented for record a year prior to said date, which, at that time, recited a consideration of $1,000. The record contains no evidence, other than this circumstance, in an attempt to prove that the deed was forged. For all that appears, the deed had been executed and acknowledged by Joseph Powell and was in every respect genuine. If the consideration had been reduced, there was nothing to show that it was not changed by Joseph Powell, the grantor, or if not changed by him, that it was changed by some one authorized by him to do so. We do not think the circumstances relied upon by the State are sufficient to show that the deed in question was a forgery, and, unless the instrument was forged, the uttering or publishing of same was not a crime. The court should have peremptorily instructed a verdict of not guilty.

On account of the error indicated the judgment is reversed, and the cause is remanded for a new trial.